IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20483
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DOCTORY HAMPTON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-193-2
- - - - - - - - - -

April 01, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Doctory Hampton appeals his sentence following his conviction for armed bank robbery, conspiracy to use and carry a firearm during a crime of violence, and using and carrying a firearm during a crime of violence.  Hampton argues that the district court erred in enhancing his base offense level under U.S.S.G. § 3A1.2(b) because that guideline protects law enforcement and corrections officers and does not apply to victims who are private security guards.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the alternative to enhancing Hampton's base offense level under § 3A1.2(b), the district court upwardly departed based on an aggravating circumstance not considered by the guidelines. See U.S.S.G. § 5K2.0, p.s.; 18 U.S.C. § 3553(b).  Because Hampton has not argued on appeal that this upward departure was erroneous, this issue has been abandoned.  See United States v. Rivas, 99 F.3d 170, 176 (5th Cir. 1996).  We decline to make a determination whether the district court erred in applying § 3A1.2(b) and affirm the district court's upward departure.

Hampton also contends, for the first time on appeal, that U.S.S.G. § 1B1.1, comment. (n.1(j)), which defines "serious bodily injury" is unconstitutionally vague and that his sentence should not have been increased four levels under § 2B3.1(b)(3)(B) on the ground that the victim suffered a serious bodily injury. In light of the facts that the victim suffered great pain; the wound was in a "critical area" and could very easily have killed the victim; the victim was hospitalized for 22 hours; and the victim was unable to work for about six weeks, Hampton has not demonstrated plain error with respect to his contention that the definition of serious bodily injury is unconstitutionally vague as applied to him.

AFFIRMED.